104 F.3d 349
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Misal KHAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-2267.
 United States Court of Appeals, Second Circuit.
 Sept. 12, 1996.
 
 APPEARING FOR APPELLANT: Misal Kahn, pro se, Florence, CO.
 APPEARING FOR APPELLEE: Mary Jo White, U.S. Atty., New York, N.Y.
 Before NEWMAN, Chief Judge, and LUMBARD and CALABRESI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is hereby AFFIRMED.
 
 
 3
 Misal Khan appeals pro se from the February 14, 1996, order of the District Court dismissing his motion to vacate a sentence pursuant to 28 U.S.C. § 2255. On appeal, Khan claims that his conviction, which was based on his guilty plea, violates his double jeopardy rights because certain property was taken from him at the time of his arrest in Pakistan.
 
 
 4
 As the District Court correctly ruled, the claim has been forfeited because it was not asserted on his prior direct appeal, see United States v. Frady, 456 U.S. 152 (1982), and because it is foreclosed by his guilty plea, see United States v. Broce, 488 U.S. 563 (1989). Khan's attempt to avoid conviction by claiming that the possible double jeopardy significance of forfeitures was unclear until Austin v. United States, 113 S.Ct. 2801 (1993), and United States v. Halper, 490 U.S. 435 (1989), is unavailing since these decisions were rendered prior to his guilty plea and his prior appeal. Moreover, even if his property was temporarily detained, there has been no forfeiture proceeding that might, under other circumstances, provide the basis for a jeopardy claim. See United States v. Idowu, 74 F.3d 387, 394-95 (2d Cir.1996).